# In the United States Court of Federal Claims
No. 09-185 C
(Filed March 27, 2009)

| | |
|---|---|
| RED RIVER HOLDINGS, LLC, | ) |
|                  Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
|                  Defendant. | ) |

**ORDER**

This post-award bid protest concerns Solicitation No. N00033-08-R-3317 by the United States Department of the Navy, Military Sealift Command ("MSC"), requesting proposals under MSC's pre-positioning program, pursuant to which MSC time charters[1] commercial vessels on a long term basis. The ships remain at sea loaded with materials, ready to rapidly respond with delivery as needs may arise.

Red River Holdings, LLC ("Red River") submitted a proposal. The contract was awarded to Sealift, Inc. ("Sealift"), the only other offeror. Red River filed a protest with the Government Accountability Office ("GAO") on March 5, 2009, which was summarily dismissed on March 18, 2009. Red River filed its Complaint for Declaratory and Injunctive Relief in the United States Court of Federal Claims on March 26, 2009. The Complaint alleges that MSC's evaluation of Sealift's proposal was arbitrary and capricious, because Sealift could not and would not meet the technical solicitation requirements concerning climate control and cocoon system. It is also alleged that MSC's determination that Sealift's vessel would meet the contract requirements was unreasonable, irrational and contrary to law. Prejudice is asserted in that Red River submitted the only technically acceptable proposal and should have been awarded the contract. The Complaint also asserts that by improperly relaxing the Solicitation requirements concerning capacity and climate

---

[1] "A time charter is a service contract in which the contractor is responsible for engaging the crew, [and] maintaining and navigating the ship in accordance with MSC directions." *Sealift, Inc. v. Reilly*, 496 F. Supp. 2d 52, 53 n.1 (D.D.C. 2007).

control, Red River was prejudiced because it did not have an opportunity to compete under a lesser standard, in violation of the Competition in Contracting Act.

The initial issue presented by the Complaint is whether the court possesses jurisdiction over this case. *See, e.g., Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*"); *Consol. Coal Co. v. United States*, 351 F.3d 1374, 1378 (Fed. Cir. 2003) ("under federal rules any court at any stage in the proceedings may address jurisdictional issues"). Any party may challenge subject matter jurisdiction at any point in a proceeding, even initially upon appeal. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

This bid protest concerns a contract, to hire a vessel for carriage of cargo, which appears to be wholly maritime in nature and thus may fall within the exclusive jurisdiction of district courts. This is clearly the situation with maritime contract disputes. *See Marine Logistics, Inc. v. England*, 265 F.3d 1322 (Fed. Cir. 2001); *Sw. Marine of San Francisco, Inc. v. United States*, 896 F.2d 532, 534 (Fed. Cir. 1990) ("Jurisdiction over matters arising in admiralty, including maritime contracts, has traditionally been with the federal district courts."); *Alaska Barge & Transp., Inc. v. United States*, 179 Ct. Cl. 216, 220, 373 F.2d 967, 970 (1967) ("In our system of Federal courts, jurisdiction over maritime matters is vested exclusively in the district courts, and the Court of Claims is precluded from entertaining such actions, even though they might otherwise be cognizable under the terms of the Tucker Act."). *See also Matson Navigation Co. v. United States*, 284 U.S. 352, 359-60 (1932) (holding that the Court of Claims did not have jurisdiction over a contract whose subject matter was covered by the Suits in Admiralty Act, 46 U.S.C. § 742 (1932), providing for jurisdiction in federal district courts).

While district court jurisdiction over maritime contract disputes appears to be settled, rulings on bid protest jurisdiction differ. Accordingly, as an initial matter, bid protest subject matter jurisdiction must be addressed. *Asta Eng'g, Inc. v. United States*, 46 Fed. Cl. 674, 676 (2000) ("In light of the long history of exclusive district court admiralty jurisdiction, over maritime contract matters, the Tucker Act amendments, codified in 28 U.S.C. § 1491(b), cannot be held to confer concurrent Suits in Admiralty Act jurisdiction on the United States Court of Federal Claims."); *Bayship Mgmt., Inc. v. United States*, 43 Fed. Cl. 535, 536 (1999) ("'Jurisdiction over matters arising in admiralty, including maritime contracts, has traditionally been with the federal district courts.'") (quoting *Sw. Marine of San Francisco*, 896 F.2d at 534). *See also Patriot Contract Servs. v. United States*, 388 F. Supp. 2d 1010, 1017 (N.D.

Cal. 2005) (assuming district court jurisdiction post-sunset)*, vacated without reaching merits*, 154 Fed. Appx. 202 (Fed. Cir. 2005); *Puglia Eng'g v. United States Coast Guard*, No. C-04-04794-CRB, 2005 WL 106785 (N.D. Cal. Jan. 18, 2005) (exercising jurisdiction over maritime bid protest). *But see Transatlantic Lines LLC v. United States*, 68 Fed. Cl. 48 (2005) (resolving maritime bid protest without addressing subject matter jurisdiction); *Sealift, Inc. v. Reilly*, 496 F. Supp. 2d 52, 53-54 (D.D.C. 2007) (transferring maritime bid protest to Court of Federal Claims).

"[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant" where jurisdiction does not exist in the first place." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *see also In re Alappat*, 33 F.3d 1526, 1530 (Fed. Cir. 1994) (*en banc*) ("[J]urisdiction cannot be conferred on this court by waiver or acquiescence [by a party]."); *Jeppesen Sanderson, Inc. v. United States*, 19 Cl. Ct. 233, 237 (1990) ("[N]either actions of the parties nor of other courts can confer jurisdiction on this court where it does not otherwise exist."); *Munro v. United States*, 303 U.S. 36, 41 (1938) (government attorney "had no power to waive conditions or limitations imposed by statute in respect of suits against the United States").

Subject matter jurisdiction may be raised initially on appeal even if the parties concede or do not address it. *Immunocept, LLC v. Fulbright & Jaworski, LLP*, 504 F. 3d 1281, 1284 (Fed. Cir. 2007); *Hambsch v. United States*, 857 F.2d 763, 765 (Fed. Cir. 1988).

It is therefore prudent to examine jurisdiction before proceeding to the merits of this bid protest.

Accordingly, it is **ORDERED:**

1. The parties are requested to file briefs, addressing the issue of jurisdiction, on or before **April 13, 2009;**

2. The briefs should also indicate where this action should be transferred, pursuant to section 28 U.S.C. § 1631, should this court conclude it lacks subject matter jurisdiction.

                                                 s/ James F. Merow
                                                 James F. Merow
                                                 Senior Judge