# In the United States Court of Federal Claims
No. 09-185 C
(Filed October 22, 2009)

| | |
|---|---|
| RED RIVER HOLDINGS, LLC, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## **ORDER**

Proceedings were concluded in this post-award protest matter by the Opinion of July 10, 2009, with the sole exception of resolving the amount to be awarded to Red River Holdings, LLC ("Red River") for the bid preparation costs it incurred. *Red River Holdings v. United States*, 87 Fed. Cl. 768 (2009). By Joint Status Report, filed October 5, 2009, the parties notified the court that $24,198.49 is the agreed amount for these costs.

On October 2, 2009, Sealift, Inc. ("Sealift"), the company awarded the procurement at issue in this litigation, moved to intervene in order "to seek appellate review of the jurisdiction of this Court as applied to bid protests related to admiralty and maritime contracts." (Sealift's Mot. for Leave to Intervene at 1.) Although aware of these proceedings from the inception of the litigation, Sealift had previously decided not to intervene. The issue of the court's jurisdiction was briefed at the inception of the litigation, at the request of the court, and a ruling sustaining jurisdiction is set forth in the Opinion. 87 Fed. Cl. at 793-98. As both parties supported this court having exclusive jurisdiction over procurement protests, Sealift seeks to intervene in order to present a contrary position on appeal.

Sealift's proposed appellate position was previously asserted and rejected in *Sealift, Inc. v. Reilly*, 496 F.Supp. 2d 52 (D.D.C. 2007), a procurement protest, transferred by the district court to this court and then resolved in *Sealift, Inc. v. United States*, 82 Fed. Cl. 527 (2008). In that case, no appeal was taken from the

district court transfer order, pursuant to 28 U.S.C. § 1292(d)(4)A, or from the final judgment of this court on the procurement protest.

However, as noted in the Opinion filed in this matter, 87 Fed. Cl. at 796, trial courts have not been consistent in their rulings concerning jurisdiction over protests related to maritime and admiralty procurements. Sealift seeks to intervene to obtain an appellate ruling. Intervention by Sealift is proposed solely for the purpose of an appeal of the jurisdictional issue and no further proceedings on Red River's protest in this court are contemplated. Indeed Sealift "deemed the Government representation adequate to vindicate its interests on the merits of the claims." (Sealift's Mem. in Supp. of Mot. for Leave to Intervene at 3.)

Plaintiff, Red River, opposes Sealift's Motion to Intervene, asserting that it is untimely. Defendant has not filed a response to Sealift's motion and the time to respond has expired.

RCFC 24(a) states as follows:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In procurement protest cases it is recognized that the apparently successful bidder/offeror, here Sealift, may intervene pursuant to RCFC 24(a)(2). *See* RCFC Appendix C ¶ 12.

The issue to resolve is whether Sealift's Motion to Intervene at this late stage in the proceedings is timely and whether any prejudice to the rights of Red River and defendant by allowing intervention would outweigh any prejudice to Sealift by

denying intervention. *Belton Indus., Inc. v. United States*, 6 F.3d 756, 762 (Fed. Cir. 1993).

The circumstances present in this case are similar to those in *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977), where the Supreme Court affirmed the circuit court's ruling allowing intervention post-judgment for the purpose of appealing a denial of class certification, a matter that then became appealable only upon entry of a final judgment. The named parties in the litigation had declined to appeal the denial of class certification after final judgment was entered. A motion to intervene by a putative class member was allowed for the purpose of appealing that denial.

In the present case, both Red River and defendant asserted that this court possessed jurisdiction to resolve the procurement protest at issue. The court's ruling on jurisdiction becomes subject to appeal, pursuant to 28 U.S.C. § 1295(a)(3), on entry of a final judgment. Given their briefed positions, Red River and defendant are not likely to appeal the ruling as to this court's jurisdiction to resolve the protest. In this circumstance, as ruled in *United Airlines, Inc. v. McDonald*, *supra*, Sealift's Motion to Intervene for the purpose of appealing the jurisdictional ruling is timely. The appeal possibility only arises upon the conclusion of the case. Had Sealift intervened at the inception of this litigation the present circumstances would not be different.

With respect to the issue of prejudice to defendant and Red River if intervention is allowed, the Opinion, 87 Fed. Cl. at 798, provides that the procurement award to Sealift be limited to the initial performance period and one option, and Red River is awarded bid preparation costs. Defendant has not asserted any prejudice from the intervention sought by Sealift and Red River asserts essentially only the "prejudice" which would result from delay in finality resulting from an appeal. This is not "prejudice" which would defeat intervention for the purpose of an appeal. Then District Judge Sotomayor, in allowing intervention for appeal purposes, ruled in *Dow Jones & Co. v. United States Dept. of Justice*, 161 F.R.D. 247, 253 (1995), "[n]evertheless, because appellate review is central to our judicial system, I reject their argument that the delay involved in an appeal in which no new evidence will be proffered amounts to prejudice." The same circumstance is present here, and Red River has not established any relevant prejudice that would exist if intervention is allowed.

Sealift has also not established any relevant prejudice which would occur if intervention is denied. The consequence of a denial would be the deprivation of any appeal of the court's jurisdiction ruling which Sealift considers to be erroneous. As noted, Sealift did not appeal this issue on previous occasions and Red River correctly notes that Sealift could well have a chance(s) in the future to raise the issue in another procurement protest. However, confining the matter to the present situation, the jurisdictional issue was initially raised *sua sponte*, resolved in favor of jurisdiction, and is now subject to appeal. There is no evident relevant prejudice to any party if intervention by Sealift for the purpose of an appeal is granted, so the absence of prejudice to Sealift, were intervention to be denied, has no bearing on the decision to be reached. Preserving appellate review is important and for this reason, intervention is necessary to allow Sealift to appeal the jurisdictional issues.

In this circumstance, it is **ORDERED** that:

(1) The Motion to Intervene, filed by Sealift on October 2, 2009, is **GRANTED** solely for the purpose of appealing the court's ruling as to its jurisdiction to resolve this procurement protest;

(2) As intervention is granted solely for the purpose of an appeal of the court's ruling on jurisdiction, the requirement of RCFC 24(c) for, "a pleading that sets out the claim or defense for which intervention is sought" is **WAIVED**, in that the submission required to be filed by a party for the purpose of an appeal is a Notice of Appeal. RCFC 58.1.

s/ James F. Merow
James F. Merow
Senior Judge